IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02457-BNB

CHRISTOPHER L. HARRIS,

    Applicant,

v.

J. M. WILNER, Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 16 2008

GREGORY C. LANGHAM
                          CLERK

## ORDER OF DISMISSAL

Applicant Christopher L. Harris is in the custody of the United States Bureau of Prisons and currently is incarcerated at FCI Florence. Mr. Harris initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On February 21, 2008, Magistrate Judge Boyd N. Boland directed Applicant to show cause why the Application should not be denied because he has an adequate and effective remedy pursuant 28 U.S.C. § 2255 in the United States District Court for the Southern District of Indiana (Southern District of Indiana). Subsequent to the February 21, 2008, Order, Mr. Harris filed several pleadings, including, (1) two Motions for Summary Judgment, (2) a Notice of Appeal, (3) a pleading titled, "Default Affidavit," (4) a pleading titled, "Compliance to Show Cause," (5) a pleading titled, "Acceptance to Show Cause," and (5) a Consent to an Assignment to a Magistrate Judge. Only one of

the pleadings, Compliance to Show Cause, is responsive in part to the February 21, 2008, Order to Show Cause.

The Court must construe liberally the Application and the Compliance to Show Cause because Mr. Harris is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Application, nonetheless, will be denied for the reasons stated below.

As determined by Magistrate Judge Boland, Mr. Harris is challenging the validity of his criminal conviction and sentence in the Southern District of Indiana. Applicant's claims are at best confusing and duplicative of claims that he raised in *United States v. Harris*, No. IP 98-CR-121-03-H/F (1:05-cv-963-DFH-TAB) (S.D. Ind. Nov. 5, 2007). In Case No. 1:05-cv-963-DFH-TAB, the Southern District of Indiana found that Mr. Harris's pleading titled "Offer of Performance" was simply his attempt to file a second § 2255 motion and dismissed the action for lack of subject matter jurisdiction.

In the Compliance to Show Cause pleading, Mr. Harris concedes that a motion under § 2255 is an adequate and effective remedy, but he asserts that he has exhausted that remedy. He further asserts that a § 2241 action attacks the execution of a sentence and must be filed in the federal district where he is confined. Mr. Harris also contends that the action he filed in the Southern District of Indiana, which the Court assumes is Case No. 1:05-cv-963-DFH-TAB, is an independent action pursuant to Fed. R. Civ. P. 60(b)(5). The remaining claims that he raises in the Compliance to Show Cause, in support of his Rule 60(b)(5) motion and of his claim that he is not asserting § 2255 issues, are nonsensical. Overall, however, Mr. Harris appears to claim that he

2

is not challenging his conviction or sentence but is seeking to "satisfy, release, or discharge the judgment pursuant to Rule 60(b)(5).

Rule 60(b) is not applicable to a criminal proceeding. *See **United States v. Mosavi***, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curian) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case.") A request for a discharge of the judgment is in essence a challenge to the validity of a conviction or sentence and more properly is considered in a § 2255 motion in the sentencing court.

As Mr. Harris was instructed in the February 21, 2008, Order, the purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." ***Bradshaw v. Story***, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted).

"The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." ***Johnson v. Taylor***, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." ***Williams v. United States***, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." ***Johnson***, 347 F.2d at 366.

The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). The fact that Mr. Harris has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. Also, the fact that Mr. Harris may be barred from filing a second or successive motion in the sentencing court pursuant to § 2255 does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179.

The pleadings Mr. Harris has filed in this action are inappropriate and nonsensical. If Mr. Harris continues to abuse the judicial system by filing nonsensical pleadings in this Court, in an attempt to challenge his conviction from the Southern District of Indiana, he will be subject to sanctions. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Harris has an adequate and effective remedy in a 28 U.S.C. § 2255 motion in the United States District Court for the Southern District of Indiana. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 15 day of April, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02457-BNB

Christopher L. Harris
Reg. No. 05927-028
FCI - Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individual on 4-16-08

                              GREGORY C. LANGHAM, CLERK

                              By: _____
                                        Deputy Clerk